UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
ROHIT PRAKASH, ET AL., :
: CASE NO. 5:20-cv-00524
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 30]
ALLSTATE INSURANCE CO., ET AL., :
:
Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Rohit and Nayana Prakash sue their insurers, Allstate Insurance Company and Crossroads Property MCO.[1] Plaintiffs claim Defendants breached their insurance contract and broke their obligation to deal with Allstate policyholders with good faith and fair dealing.[2]

Defendants Allstate Insurance Company and Crossroads Property MCO filed a motion for summary judgment.[3] Plaintiffs oppose.[4]

In considering the motion for summary judgment, the Court decides if a contract provision for using an umpire to decide disputed casualty losses stops this case. Allstate Insurance says the umpire's decision is final. In contrast, Plaintiffs Prakash say their dispute involves a coverage issue that is not controlled by the policy grievance procedure.

For the following reasons, the Court **DENIES IN PART** Defendants' motion for summary judgment.

---

[1] Doc. 1-1.
[2] *Id.* at 4.
[3] Doc. 30.
[4] Doc. 37.

Case No. 1:20-cv-00132
Gwin, J.

I. Background

Plaintiffs built an expensive multi-level prayer room in their house that included carved marble tablets attached to the walls. The room included exotic stone walls and flooring. More than twenty years after completing the prayer room, the tablets unexpectedly fell off the walls, shattered, and damaged the granite-tiled floors below.[5]

Plaintiffs made a claim with Defendant insurers.[6] Plaintiffs and Defendants' adjuster disagreed about needed replacements to repair the prayer room.[7] Defendants contend that the dispute was about whether the floor on both levels of the prayer room should be replaced.[8] Plaintiffs maintain that the repair would necessarily damage the prayer room's "wall stones and marble appurtenances." Plaintiffs claim the resulting wall damages should be covered by their insurance policy.[9]

On Plaintiffs' demand, the parties submitted their dispute to an appraisal process to determine the amount of loss.[10] The parties' appraisers could not agree on the damage

---

[5] Doc. 30 at 3.
[6] *Id.*
[7] *Id.* at 4.
[8] *Id.*
[9] Doc. 37 at 2.
[10] Doc. 30 at 5.

-2-

Case No. 1:20-cv-00132
Gwin, J.

amount. Consistent with their insurance contract, the Summit County Court of Common Pleas appointed an umpire to resolve the amount of loss question.[11]

The appointed umpire determined a loss amount between the parties' respective positions. Defendants paid the umpire's award.[12]

Plaintiffs filed this action before the umpire issued his award and claim that Defendants acted in bad faith in handling their claim and determining coverage under the policy.[13]

## II. Discussion

### a. Summary Judgment Standard

A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14] There is a genuine issue of material fact when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15] The Court views all evidence in the light most favorable to the nonmoving party.[16] The nonmoving party "must show sufficient evidence to create a genuine issue of material fact"[17] as to each of the claim's required elements.[18] Summary judgment may be granted "[i]f the evidence is

---

[11] *Id.*
[12] *Id.* at 6.
[13] *Id.* at 5; Doc. 1-1 at 3–4.
[14] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citation omitted).
[15] *Peffer v. Stephens,* 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).
[16] *Thomas v. Speedway SuperAmerica, LLC,* 506 F.3d 496, 500–01 (6th Cir. 2007) (citation omitted).
[17] *Id.* (citation omitted).
[18] *Id.* (noting that a scintilla of evidence is not enough to defeat a summary judgment motion).

Case No. 1:20-cv-00132
Gwin, J.

merely colorable . . . or is not significantly probative."[19]

### b. Breach of Contract and Coverage Disputes

Summary judgment is not appropriate for Plaintiffs' breach of contract claim. Defendants principally argue that Plaintiffs' breach of contract claim is an amount of loss issue and that the parties' contract makes the umpire's loss decision final. As a result, Allstate Insurance says the umpire's award is a final loss determination.[20]

In response, Plaintiffs maintain that the insurance contract does not call for final umpire determinations of coverage issues. Plaintiffs Prakash say the decision on whether repairing the floor will damage the walls and the marble staircase is a coverage issue. Plaintiffs contend that the homeowners insurance policy should be interpreted to provide coverage not just for the damaged floor but also for the walls that will arguably be damaged in repairing the floor.[21]

Plaintiffs provided a portion of the insurance policy at issue, but it does not contain a definition for "amount of loss."[22]

The insurance policy language and Ohio case law indicate that the umpire's award is binding as to the *amount of loss*.[23] At the same time, Ohio law mandates that insurance

---

[19] *Liberty Lobby, Inc.*, 477 U.S. at 249–50.
[20] Doc. 30 at 9–12.
[21] Doc. 37 at 1–2. *See also* Doc. 38 at 2–3 (Plaintiffs' expert report opining that the stone wall tablets were installed properly); Doc. 39 at 1–2 (Plaintiffs' expert report explaining that the prayer room wall and floor tiles were installed without grout such that they touch each other, making it "very difficult" to remove some tiles without damaging surrounding ones).
[22] *See* Doc. 37-4.
[23] *Saba v. Homeland Ins. Co.*, 1112 N.E.2d 1, 2–4 (Ohio 1953); *Stuckman v. Westfield Ins. Co.*, 968 N.E.2d 1012, 1016–17 (Ohio Ct. App. 2011); *Edwards v. Transamerica Ins. Grp.*, No. 86AP-176, 1986 WL 9619, at *2 (Ohio Ct. App. Sept. 2, 1986).

-4-

Case No. 1:20-cv-00132
Gwin, J.

policy coverage disputes are legal questions for the Court.[24] The question, then, is whether the walls and other items were covered items under the policy or amount of loss issues.

Defendants assert that the umpire considered replacing the walls and the railing in the prayer room, but "rejected" replacement as unnecessary.[25] As support, Defendants cite a list of work and repair items and dollar estimates from the umpire.[26] But the list, without more, does not show that the umpire determined that the walls and railings did not need to be replaced or that the floor could be repaired without damage to other parts of the prayer room. Defendants also highlight that Plaintiffs did not dispute Defendants' engineer's assessment that the wall tablets were improperly installed and, as such, not covered by the policy.[27] While Plaintiff Rohit Prakash did not disagree with the tablet coverage determination during his deposition,[28] he disputes it in his opposition to the summary judgment motion.[29]

Summary judgment is inappropriate here because there is a question about whether there are *coverage* disputes under the insurance policy. To the extent that the umpire's award addressed undisputed losses, it is binding.

Separating coverage issues from loss issues is not a simple task, but the Court asks the parties to submit briefs to clarify. At least one court in this circuit noted that "practically speaking, it would be difficult to completely divorce causation and coverage findings from

---

[24] *McPheeters v. United Services Automobile Association*, No. 1:20-cv-414, 2020 WL 4901637, at *2 (S.D. Ohio Aug. 20, 2020) (citing *Dutch Maid Logistics, Inc. v. Acuity*, Nos. 91932, 92002, 2009 WL 1019857, at *5 (Ohio Ct. App. Apr. 16, 2009)).
[25] Doc. 41 at 3.
[26] Doc. 30-1 at 4.
[27] Doc. 30 at 4 (citing Doc. 29-1 at 31:2–5) ("Q. Okay. And I guess my question is this, Dr. Prakash: Do you disagree with anything that was noted in that report by Mr. Brighton? A. I don't disagree with it.").
[28] Doc. 30 at 4.
[29] Doc. 37 at 3.

-5-

Case No. 1:20-cv-00132
Gwin, J.

an appraised loss."[30] In *TransCapital Bank v. Merchants Mutual Insurance Company*, the court held that the umpire did not exceed his authority by delving into coverage issues when the umpire did not specifically describe certain property. Rather, the umpire did not find an accident loss because there was "insufficient proof" of when the property loss happened.[31]

In this case, Defendants argue that the umpire chose between the two appraisers' competing floor replacement assessments:

> The dispute was not whether the scope included the entire flooring on the main level where the tile had been broken; it was whether it was necessary to replace the entire flooring on the lower level as well, where there had been no damage. . . . Allstate paid for the entire flooring on the main level after having a number of contractors and individuals in to assess that damage. . . . The umpire ultimately decided that the scope of the repair and replacement of tile included the lower level, which was contrary to the opinion of Allstate's appraiser.[32]

---

[30] *Hill v. Auto-Owners (Mut.) Ins. Co.*, No. 4:19-cv-78, 2020 WL 7034321, at *4 (E.D. Tenn. Nov. 30, 2020) (citing Tennessee law and declining to dismiss where Plaintiffs argued that "the umpire acted outside his authority by making causal and coverage determinations about whether some of the damage was due to the tornado or was pre-existing.").

[31] *TransCapital Bank v. Merchants Mut. Ins. Co.*, No. 3:11 CV 1176, 2013 WL 322156, at *3 (N.D. Ohio Jan. 28, 2013).

[32] Doc. 41 at 7.

Case No. 1:20-cv-00132
Gwin, J.

The Court does not give summary judgment. Defendants have not proven that the umpire did not make a coverage determination, rather than a loss determination, when the umpire rejected wall and railing replacement, and potentially tablets replacement. The umpire stated that he did not address coverage issues. For example, he explained that he valued the broken marble tablets that fell from the wall, but he did not include them in his final calculation because coverage was uncertain.[33] Defendants' cited list does not show that the umpire considered the walls or the railings but rejected them.[34]

### c. Plaintiffs' Bad Faith Claim

Defendants are entitled to summary judgment on Plaintiffs' bad faith claim.

An insurer has a duty to act in good faith in handling and paying an insured's claim.[35] Handling and paying in bad faith can include denying payment, "'foot-dragging' in the handling or evaluation of a claim (even if a claim is ultimately paid) or an unreasonably low settlement offer."[36]

Under Ohio law, "an insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor."[37] "Where a claim is fairly debatable the insurer

---

[33] Defendants determined that the tablets were not covered. Doc. 37-9 at 1–2. *Compare* Doc. 37-11, *and* Doc. 37-12 at 1.
[34] Doc. 30-1 at 4.
[35] *Marshall v. Colonial Ins. Co.*, No. 15 MA 0169, 2016 WL 7290968, at *7 (Ohio Ct. App. Dec. 9, 2016) (citing *Hoskins v. Aetna Life Ins. Co.,* 452 N.E.2d 1315, 1319 (Ohio 1983)).
[36] *Id*. at *8.
[37] *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994) (citing *Hart v. Republic Mut. Ins. Co.*, 87 N.E.2d 347 (Ohio 1949)).

-7-

Case No. 1:20-cv-00132
Gwin, J.

is entitled to refuse the claim as long as such refusal is premised on a genuine dispute over either the status of the law at the time of the denial or the facts giving rise to the claim."[38]

A bad faith claim runs separate from a breach of contract claim. A bad faith tort claim does not "arise from any failure to perform a contractual obligation . . . nor does an absence of contractual liability preclude a finding of tort liability for breach of the duty to act in good faith."[39]

Defendants argue that they conducted a thorough and timely claim investigation, complied with Plaintiffs' appraisal demand, and paid Plaintiffs for the undisputed loss and umpire's award.[40] Plaintiffs respond that Defendants' adjusters and appraisers conducted a cursory investigation that omitted key loss and repair issues.[41] Plaintiffs also argue that Defendants opposed appointing a neutral arbitrator, hired vendors biased toward Defendants, and acted unreasonably during this litigation.[42] The Court notes that the record does not support these last allegations and that they are not persuasive support for Plaintiffs' bad faith claim.

Here, there is insufficient evidence that Defendants acted arbitrarily or capriciously. Defendants' actions were reasonably justified. Defendants present evidence that they sought to thoroughly investigate Plaintiffs' claim and they paid the undisputed loss and umpire's award.[43] Further, Defendants did not act in bad faith because the parties'

---

[38] *Motorists Mut. Ins. Co. v. Said,* 590 N.E .2d 1228, 1230 (Ohio 1992) (overturned on other grounds).
[39] *Maxey v. State Farm Fire & Cas. Co.,* 689 F.Supp.2d 946, 953 (S.D. Ohio 2010).
[40] Doc. 30 at 14–15.
[41] Doc. 37 at 11–12.
[42] *Id.* at 13–14.
[43] Doc. 30 at 14–15.

-8-

Case No. 1:20-cv-00132
Gwin, J.

disagreements, the appraisal process, and this litigation are ongoing and evolving matters in which Defendants' are actively participating.

### III. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** Defendants' summary judgment motion. The Court orders the parties to submit the full text of the insurance policy and asks the parties to submit briefs explaining why the stone tablets, walls, and stair railings are covered under the policy or not covered under the policy. The briefing should include specific reference to policy language.

Both parties must file their opening briefs by January 25, 2021. Both parties must submit responding briefs by February 8, 2021.

Because interpretation of the insurance policy is a legal issue, the Court will then determine whether the stone tablets, walls, and stair railings were covered under the policy. IT IS SO ORDERED.

Dated: January 5, 2021        *s/    James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE