UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| ROHIT PRAKASH, ET AL., | : | |
|  | : | CASE NO. 5:20-cv-00524 |
| Plaintiffs, | : | |
|  | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 45; Doc. 48] |
| ALLSTATE INSURANCE CO., ET AL., | : | |
|  | : | |
| Defendants. | : | |
|  | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Rohit and Nayana Prakash sue their insurers, Allstate Insurance Company and Crossroads Property MCO.[1]  Plaintiffs claim Defendants breached their insurance contract and broke their obligation to deal with Allstate policyholders in good faith.[2]

For the following reasons, the Court **DENIES IN PART** and **GRANTS IN PART** Plaintiffs' motion to compel.  The Court **DENIES** Plaintiffs' motion for sanctions.

## I.    Background

Plaintiffs built a prayer room in their house that included carved marble tablets attached to the walls, as well as stone walls and flooring.  More than twenty years after

---

[1] Doc. 1-1.
[2] *Id.* at 4.

Case No. 5:20-cv-00524
Gwin, J.

completing the prayer room, the tablets unexpectedly fell off the walls, shattered, and damaged the granite-tiled floors below.[3]

Eventually, Plaintiffs sued Defendants, their insurer, over coverage issues and disputes related to Defendants' claim handling.

Plaintiffs' served Defendants their first set of interrogatories and requests for production on September 30, 2020. Plaintiffs' served their second set of requests and interrogatories on October 29, 2020.[4] On November 19, 2020, Defendants served Plaintiffs' their answers, responses, and objections to Plaintiffs' first set of interrogatories and requests.[5] Defendants sent responses to the second set of interrogatories and requests on January 4, 2021.[6]

The parties dispute whether Defendants' answers were properly "verified."[7] Plaintiffs maintain that Defendants have not produced any documents relating to Plaintiffs requests,[8] while Defendants state that many of Plaintiffs' requests are covered by documents Defendants produced on October 28, 2020.[9]

Plaintiffs move the Court to compel production and more thorough answers to their interrogatories.[10] Plaintiffs also request that the Court sanction Defendants for their delay.[11]

II. Discussion

    a. Legal Standard

---

[3] Doc. 1-1 at 3–4; Doc. 30 at 3 – 5; Doc. 37 at 2, 5–6.
[4] Doc. 45 at 1–2.
[5] Doc. 54 at 1.
[6] *Id.*
[7] Doc. 45 at 2; Doc. 54 at 1–2.
[8] Doc. 56 at 4.
[9] *See* Doc. 54-6.
[10] Doc. 45.
[11] Doc. 48.

Case No. 5:20-cv-00524
Gwin, J.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[12] Discoverable information need not be admissible in evidence,[13] and broad discovery is encouraged. But "district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce."[14]

Federal Rule of Civil Procedure 37 permits a party to move to compel an "answer, designation, production, or inspection" once they have tried and failed to resolve disputes without court action.[15] Also, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[16]

Rule 37(d) allows a Court to sanction a party when it "fails to serve its answers, objections, or written response."[17]

### b. Motion to Compel

To begin, the Court granted Defendants' motion to dismiss Plaintiffs' bad faith claim.[18] This changes the scope of relevant discovery for Plaintiffs. Further, Defendants responded, although in an untimely manner, to Plaintiffs' interrogatories and requests for production. While some of Defendants responses are not sufficient, the Court finds that

---

[12] Fed. R. Civ. P. 26(b)(1).
[13] *Id.*
[14] *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).
[15] Fed. R. Civ. P. 37(a).
[16] Fed. R. Civ. P. 37(a)(4).
[17] Fed. R. Civ. P. 37(d)(1)(A)(ii).
[18] Doc. 49 at 7–9.

-3-

Case No. 5:20-cv-00524
Gwin, J.

some of Plaintiffs' requests are not relevant or proportional to the issues remaining in this case, which hinges on whether the parties have a legitimate insurance coverage dispute.[19]

The Court denies Plaintiffs' motion to compel as to their First Set of Interrogatories.[20] Defendants responded appropriately to these interrogatories.[21]

For Plaintiffs' Second Set of Interrogatories,[22] the Court denies Plaintiffs' motion to compel as to interrogatories 1, 2, 3, 10, 11, 12, and 13.  The Court grants Plaintiffs' motion to compel as to interrogatories 4, 5, 6, 7, 8, and 9.

For Plaintiffs' First Request for Production,[23] the Court grants Plaintiffs' motion to compel as to request 1 and 4.  The Court denies Plaintiffs' motion to compel as to requests 2 and 3.

For Plaintiffs' Second Request for Production,[24] the Court grants Plaintiffs' motion to compel as to requests 2, 3, 4, 5, and 6 to the extent they relate to Plaintiffs' insurance claim.  The Court denies Plaintiffs' motion to compel as to requests 1, 7, 8, 9, 10, 11, 12, 13, 14, and 15.

### c. Sanctions Motion

Sanctions are not appropriate at this time.  The Court partially grants Plaintiffs' motion to compel.  Defendants have participated in discussion and made some effort to comply with Plaintiffs' requests, even if Defendants' responses were untimely.[25]

---

[19] *Id.* at 4–7.
[20] Doc. 45-1.
[21] Doc. 53-3.
[22] Doc. 45-3.
[23] Doc. 45-2.
[24] Doc. 45-4.
[25] Fed. R. Civ. P. 33(b) (providing 30 days for response); Fed. R. Civ. P. 34(a) (providing 30 days for response).

Case No. 5:20-cv-00524
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** and **GRANTS IN PART** Plaintiffs' motion to compel.  The Court also **DENIES** Plaintiffs' motion for sanctions.

IT IS SO ORDERED.


Dated:  February 3, 2021	         *s/     James S. Gwin*
	         JAMES S. GWIN
	         UNITED STATES DISTRICT JUDGE